# Supreme Court of Louisiana

The Opinions handed down on the **26th day of June, 2019**, are as follows:

**PER CURIAM**:

2018-KK-1518    STATE OF LOUISIANA v. KELLY FOLSE (Parish of Jefferson)

On this record, we cannot say whether defendant merely acquiesced to a claim of lawful authority, see Bumper v. North Carolina, 391 U.S. 543, 548-550, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968), or validly consented to provide her passcode in exchange for the phone. We are also unable from this record to determine whether the officer acted reasonably in good faith, as urged by the State, or the police conduct was coercive and indicative of bad faith, as the court of appeal found. Therefore, rather than rule on the merits of such significant questions on a deficient record, we reverse the court of appeal, and we remand to the district court to conduct further evidentiary proceedings, after which the district court is directed to reconsider whether the evidence ought to be suppressed.

REVERSED AND REMANDED.

WEIMER, J., dissents and assigns reasons.
GENOVESE, J., dissents for the reasons assigned by Justice Weimer.

SUPREME COURT OF LOUISIANA

No. 2018-KK-1518

STATE OF LOUISIANA

VERSUS

KELLY FOLSE

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIFTH CIRCUIT, PARISH OF JEFFERSON

PER CURIAM

Defendant, a veterinarian, was charged with aggravated cruelty to animals, La.R.S. 14:102.1, and illegal use of a weapon, La.R.S. 14:94, arising from the allegation she shot her neighbor's dog in River Ridge.[1] Defendant was arrested and her home was searched pursuant to arrest and search warrants. Her iPhone was seized at the time of her arrest. Access to the phone was locked by a passcode.

On December 19, 2017, police obtained a search warrant to extract and examine the contents of the phone. On January 3, 2018, defendant came to the Detective Bureau, accompanied by her lawyer, to retrieve her phone. It is not clear how that event was arranged, and the extent of counsel's participation in the arrangement is not known. It is clear, however, that she consulted with the attorney who accompanied her as well as with additional counsel by phone.

At some point, she was informed that police had a search warrant for the phone but they would return it to her after she provided the passcode and they

---

[1] A search of defendant's residence also resulted in charges of possession of a legend drug without a prescription (methocarbamol), La.R.S. 40:1060.13, and possession of a controlled dangerous substance (diazepam), La.R.S. 40:969.

extracted a copy of its contents. However, the 10-day period provided in La.C.Cr.P. art. 163(C) ("a search warrant cannot be lawfully executed after the expiration of the tenth day after its issuance") had passed at that time. It is not clear who (if anyone) was aware of that fact. Under circumstances that were not well developed at the evidentiary hearing, defendant ultimately provided her passcode, her data was extracted, and her phone returned to her.

Defendant moved to suppress the contents of the phone because the warrant had expired at the time the phone was searched. The district court found that the warrant could not be executed because the 10-day period provided in La.C.Cr.P. art. 163(C) had passed. However, because defendant, with the assistance of counsel, consented to the search by providing her passcode in exchange for the return of her phone, the district court denied defendant's motion to suppress.

The court of appeal held that defendant's consent to search her phone was not free and voluntary because it was given only after an officer asserted that she had a warrant to search the phone, citing *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) for the proposition: "[A] law enforcement officer cannot rely upon the authority of a warrant to obtain a person's consent to a search of his or her property. Such conduct is coercive and, in our view, indicative of bad faith." *State v. Folse*, 18-0458, p. 4 (La. App. 4 Cir. 8/16/18) (unpub'd). Therefore, the court of appeal reversed the district court's denial of defendant's motion to suppress and remanded for further proceedings.

The State contends the court of appeal erred because La.C.Cr.P. art. 163(D)(2), which pertains to the examination or testing of seized property, authorized the police to extract the data from defendant's phone notwithstanding the 10-day period limiting the execution of the search warrant established in La.C.Cr.P. art. 163(C). Alternatively, if La.C.Cr.P. art. 163(D)(2) does not apply,

2

the State argues that the officer acted reasonably in good faith believing it applied,[2] defendant consented to the search,[3] or the inevitable discovery exception to the warrant requirement applies.[4]

After examining La.C.Cr.P. art. 163(D)(2) in its context, one thing is certain: The legislature has failed to keep pace with developing information technology as it involves the enduring rights to be free from unreasonable search and seizure. *Cf.* Fed. R. Crim. P. 41(e)(2)(B). We are not prepared to adopt the State's expansive and novel reading of Art. 163, as applied to the poorly developed facts here, particularly given the record before us, which includes an evidentiary hearing that contains just under a dozen pages of testimony, and which inspires more questions than it answers. Therefore, we decline to consider the State's first argument regarding the applicability of La.C.Cr.P. art. 163(D)(2), particularly in light of what might amount to a concession in the court below that this provision does not squarely apply.[5]

As to the State's remaining claims, the sparse record on those issues also stands as an insurmountable obstacle to their resolution. The circumstances under which the phone was arranged to be returned, and under which defendant ultimately agreed to furnish the passcode in exchange, were only skeletally developed at the suppression hearing. The role of counsel, also unknown, may further complicate matters. On this record, we cannot say whether defendant merely acquiesced to a claim of lawful authority, *see Bumper v. North Carolina*, 391 U.S. 543, 548–550, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968), or validly consented to provide her passcode in exchange for the phone. We are also unable

---

[2] *See generally United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1990).

[3] *See generally Schneckloth v. Bustamente*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

[4] *See generally Nix v. Williams*, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984).

from this record to determine whether the officer acted reasonably in good faith, as urged by the State, or the police conduct was coercive and indicative of bad faith, as the court of appeal found. Therefore, rather than rule on the merits of such significant questions on a deficient record, we reverse the court of appeal, and we remand to the district court to conduct further evidentiary proceedings, after which the district court is directed to reconsider whether the evidence ought to be suppressed.

**REVERSED AND REMANDED**

---

[5] *See* State's Exhibit B, pp. 5–6.

# SUPREME COURT OF LOUISIANA

## NO. 2018-KK-1518

## STATE OF LOUISIANA

## VERSUS

## KELLY FOLSE

*ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,*
*FIFTH CIRCUIT, PARISH OF JEFFERSON*

**WEIMER, J.**, dissenting.

The majority essentially holds that the law regarding cell phone searches has not kept pace with technology and provides the state another opportunity to justify a search of the defendant's cell phone when the state's first efforts failed to show the search complied with statutory and constitutional mandates. I respectfully dissent.

Nearly five years ago, the United States Supreme Court described in great detail the constitutionally-protected privacy interests that are presented when, as here, the government wishes to search a cell phone that is been seized incidental to an arrest. **Riley v. California**, 573 U.S. 373 (2014). The Court observed that "[m]odern cell phones, as a category, implicate privacy concerns far beyond those implicated by the search of a cigarette pack, a wallet, or a purse." **Id.** at 393. "Before cell phones, a search of a person was limited by physical realities and tended as a general matter to constitute only a narrow intrusion on privacy." **Id.** Now, however, a cell phone may contain "[t]he sum of an individual's private life," with details such as bank statements, addresses, messages, notes, prescriptions, photographs, and videos. **Id.** at 394. To this litany, I add medical records, which are among the most private of matters that should be safe from government view.

The search warrant the state obtained here was consistent with the **Riley** Court's ruling "not that the information on a cell phone is immune from search; [the Court's ruling] is instead that a warrant is generally required before such a search, even when a cell phone is seized incident to arrest." ***Id.*** at 401. The fundamental problem in this case is that the time for conducting a search specified in the warrant had expired. Long before the advent of cell phones, in the criminal lexicon, the term "stale warrant" was coined for this situation.

No technological issue stymied the state and caused its search warrant to go stale. This case should, therefore, be analyzed under well-established principles to ascertain whether an exception to the warrant requirement applies.

The state argues that the officer acted reasonably in good faith believing the search warrant applied,[1] defendant consented to the search,[2] or the inevitable discovery exception to the warrant requirement applies.[3] Whether relying on the good faith exception, the inevitable discovery exception, or defendant's consent, in each instance the State ultimately carries the burden of proof. See **United States v. Gant**, 759 F.2d 484, 487-89 (5th Cir. 1985); **State v. Vigne**, 01-2940, p. 9 (La. 6/21/02), 820 So.2d 533, 539 (citing **Nix v. Williams**, 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984)); **State v. Edwards**, 434 So.2d 395, 397 (La. 1983).

The court of appeal held that defendant's consent to search her phone was not free and voluntary because it was given only after an officer asserted that she had a warrant to search the phone, citing **Bumper v. North Carolina**, 391 U.S. 543, 88

---

[1] See generally **United States v. Leon**, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1990).

[2] See generally **Schneckloth v. Bustamente**, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

[3] See generally **Nix v. Williams**, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984).

S.Ct. 1788, 20 L.Ed.2d 797 (1968). That rationale is self-explanatory and is amply supported by the evidentiary record. However, the appellate court also noted–but did not analyze–the coercive power of the officer promising to return the phone only after defendant complied with the search. Coercion, this court has explained, can defeat a person's consent to search. See **State v. Howard**, 15-1404, pp. 8-9 (La. 5/3/17), 226 So.3d 419, 425-26 ("To be valid, consent must be … free and voluntary, in circumstances that indicate the consent was not the product of coercion, threat, promise, pressure or duress that would negate the voluntariness … .").

To the **Riley** Court's observations about the private materials cell phones may contain, I add the following additional observations about why the state held a coercive advantage when the officer told the defendant she needed to unlock her cell phone and consent to its search as a condition for police to return it. Cell phones are frequently a person's sole means of tracking schedules and appointment calendars, as well an exclusive means of telecommunication, since reliance on cell phones has led to few people maintaining landlines. Cell phones are also quite expensive, and purchasing a replacement phone and service contract could be difficult for a suddenly unemployed defendant facing extensive legal bills. Without her phone, defendant likely had no easy way to communicate with her family, or even contact emergency services if need be. Communicating with her lawyer would also predictably be a problem.

As part of the justification for remanding this matter, the majority notes that the defendant was actually accompanied by her lawyer when she went to retrieve her cell phone from the police. The majority appears to view as an open question why the lawyer did not become more involved in the transaction with police. Under the law, this is not an open question. Under the law, it is neither police, nor defense counsel,

3

who decide whether a warrant is valid; the law reserves that decision for judges. See, e.g. La. C.C.P. art. 703(A).

As noted earlier, the state urges that police reasonably relied on an apparently valid search warrant that was only later discovered to be stale. However, the state does not provide any evidence to support this argument. Relatedly, the state argues that it inevitably would have validly searched the cell phone after seeking and obtaining a "fresh" warrant. The record on that latter point, however, is developed but does not support the state's position. At the suppression hearing, a case detective acknowledged on cross-examination that "there's nothing specific about this case that caused [her] to believe that there was going to be evidence on [defendant's] phone," beyond her general "experience as a police officer that oftentimes people will have incriminating information on their phone." This testimony reveals the opposite of probable cause to believe the cell phone contained evidence germane to this case. See La. C.Cr.P. art. 162 ("A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant."); see also **State v. Case**, 363 So.2d 486, 488 (La.1978) ("a warrant may not issue on mere suspicion").

In sum, I would affirm the court of appeal's ruling, which reversed the district court, concluding that the evidence seized from defendant's phone must be suppressed.

# SUPREME COURT OF LOUISIANA

## No. 2018-KK-1518

## STATE OF LOUISIANA

## VERSUS

## KELLY FOLSE

## ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
## FIFTH CIRCUIT, PARISH OF JEFFERSON

**Genovese, J.,** dissents for the reasons assigned by Justice Weimer.